IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MYRON S. JAMES, #144470, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:08-CV-146-MEF |
| | ) |
| RICHARD JAMIESON, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Myron S. James ["James"], a state inmate, on February 28, 2008. James filed an application for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). *Court Doc. No. 2.* However, under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." The Court further held "that federal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted prior to April 26, 1996." *Id.* In *Jones v. Bock*, ---- U.S. ----, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* to the extent it compelled an inmate to plead exhaustion of

The records of the federal courts of this state establish that James, while incarcerated or detained, has on at least five occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which this court relies in finding a violation of § 1915(g) are: (1) *James v. Lampkin, et al.*, Civil Action No. 2:96-CV-1967-ELN-TMP (N.D. Ala. 1996); (2) *James v. Donaldson Correctional Facility*, Civil Action No. 2:96-CV-1111-SCP-PWG (N.D. Ala. 1996); (3) *James v. Hightower, et al.*, Civil Action No. 2:95-CV-1625-JHH-PWG (N. D. Ala. 1995); (4) *James v. Harrelson, et al.*, Civil Action No. 2:92-CV-607-ID-CSC (M. D. Ala. 1992); and (5) *James v. Hunt, et al.*, Civil Action No. 1:91-CV-784-BH-S (S. D. Ala. 1993).

In the instant civil action, James complains that correctional officials used excessive force against him on February 21, 2001. James also challenges the constitutionality of the conviction and sentence for third degree robbery imposed upon him by the Circuit Court of Mobile County, Alabama in 1986. Finally, James argues that the sentence imposed for an escape conviction is excessive.

The allegations made the basis of the pending complaint fail to demonstrate that James was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has

---

remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 127 S.Ct. at 921.

filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Based on the foregoing, the court concludes that James' motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as James failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Myron S. James (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case. It is further

ORDERED that on or before March 17, 2008 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of March, 2008.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE